UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHADWIN KING,<br><br>      Plaintiff,<br><br>vs.<br><br>CLINTON ALDRICH,<br><br>      Defendant. | Case No. 2:23-CV-00521-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

      The Complaint of Plaintiff Chadwin King was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 3, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner and pauper complaints seeking relief against a government entity or official must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that state a frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

      After reviewing the Complaint, the Court has determined that Plaintiff will be permitted to proceed.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

## REVIEW OF COMPLAINT

1. **Standard of Law**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Title 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

It is unclear whether Plaintiff was and is a convicted felon or a pretrial detainee during the time period in question. The Fourteenth Amendment's Due Process Clause applies to pretrial detainees and is violated when a detainee's conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Pretrial detainees have a due process right to adequate medical and mental health care while detained. *See Sanchez v. Young County, Texas*, 956 F.3d 785, 791-92 (5th Cir. 2020).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

Detainees' conditions-of-confinement claims are analyzed using an "objective deliberate indifference standard." *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). Under that standard, a detainee must establish the following elements: "(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined [including a decision with respect to medical treatment]; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries." *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 669 (9th Cir.) (quoting *Gordon*, 888 F.3d at 1125), *cert. denied sub nom. San Diego Cnty. v. Sandoval*, 142 S. Ct. 711 (2021). To satisfy the third element, the plaintiff must show that the defendant's actions were "objectively unreasonable," which requires "a showing of more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* (citation omitted). The application of this standard "will necessarily turn on the facts and circumstances of each particular case." *Id.* (internal quotation marks and alteration omitted).

2. **Summary of Allegations**

During Plaintiff's incarceration that began on July 28, 2023, Defendant Benewah County Sheriff's Office Lieutenant Clinton Aldrich allegedly denied Plaintiff the following types of treatment: (1) doctor-ordered mental health treatment for PTSD,

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

severe anxiety, manic-depressive disorder, and ADHD; (2) an eye exam and needed eyeglasses; and (3) physical therapy for a compression fracture of Plaintiff's vertebrae. Aldrich allegedly told Plaintiff that treatment was unavailable because of lack of funding. Plaintiff asserts that he used the jail grievance system to seek a remedy, but was afforded none. Plaintiff asks the Court to compel Defendant to provide proper medical and mental health care to Plaintiff. He sues Defendant Aldrich in his individual and official capacity.

3. Discussion

Plaintiff has sufficiently alleged that Aldrich was aware of Plaintiff's serious medical and mental health needs but intentionally refused to provide care. An inmate must rely on prison authorities to treat his medical needs. The government therefore has an obligation to provide medical care for those it chooses to incarcerate. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). There is a limit to medical care required by the Constitution, whether evaluated under the Fourteenth or Eighth Amendment:

> Society does not expect that prisoners will have unqualified access to health care. *Hudson*, 503 U.S. at [9], 112 S.Ct. at 1000. Deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious. *Id*. Where surgery is elective, prison officials may properly consider the costs and benefits of treatment in determining whether to authorize that surgery, but the words "elective surgery" are not a talisman insulating prison officials from the reach of the Eighth Amendment. Each case must be evaluated on its own merits.

*Delker v. Maass*, 843 F. Supp. 1390, 1400 (D. Or. 1994). For pretrial detainees, jail officials must provide care in instances where a detainee is under a substantial risk of suffering serious harm. *Sandoval*, 985 F.3d at 669. Generally, the cost or inconvenience

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

of providing adequate conditions of confinement is not a defense. *See Spain v. Procunier*, 600 F.2d 189, 200 (9th Cir. 1979) (Eighth Amendment outdoor exercise context).

Plaintiff may proceed against Aldrich in his official capacity, which means that, if Plaintiff prevails in this case, the Court will issue an order to Aldrich to provide adequate care to Plaintiff. *See Rounds v. Or. State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 (9th Cir. 1999) (for injunctive relief claims, a plaintiff may name as defendants officials who have direct responsibility in the area in which the plaintiff seeks relief); *Ex Parte Young*, 209 U.S. 123, 157-58 (1908) (claims for prospective injunctive relief against the state may be brought as "official capacity" claims against state officials).

Plaintiff does not seek damages against Aldrich; therefore, Plaintiff may not proceed against Aldrich in his individual capacity.

4. **Conclusion**

Plaintiff may proceed on his claims as limited herein. This Order does not guarantee that any of Plaintiff's claims will be successful or that they have been presented in a procedurally proper manner. Rather, this Order merely finds that Plaintiff's claims are plausible—meaning that these claims will not be summarily dismissed at this time but should proceed to the next stage of litigation. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims.

5. **Request for Appointment of Counsel**

Plaintiff also seeks appointment of counsel. Dkt. 6, p. 18. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25

(1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). When the court does appoint counsel in civil rights actions, there is no designated federal fund from which to pay counsel, and it is often difficult to find counsel willing to serve pro bono (without compensation).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se considering the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*.

Plaintiff's Complaint, liberally construed, states a claim upon which relief could be granted if the allegations are proven at trial. Plaintiff states that he cannot proceed adequately without an attorney because of various medical and mental health issues, including vision problems and other issues for which he has not received treatment. However, Plaintiff has adequately articulated his claims and has shown that he can protect his interests to date. The Court will presently deny the motion for appointment of counsel without prejudice, but it will consider whether appointment of counsel is needed as the case progresses. Plaintiff may desire to seek private counsel on a contingency fee basis.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Request for Appointment of Counsel (contained in the Complaint) is DENIED without prejudice.

2. Plaintiff may proceed on his Fourteenth Amendment claims of failure to provide adequate medical and mental health care against **Defendant Clinton Aldrich**.

3. Defendants will be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within 30 days. If Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion will be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the Amended Complaint (Dkt. 3), a copy of this Order, and a Waiver of Service of Summons to the following counsel:

   a. **Mariah Dunham**, Benewah County Prosecutor, 701 College Avenue, St. Maries, Idaho  83861.

4. Should the Benewah County Prosecutor's Office and Benewah County determine that the individuals for whom counsel for the entity was served with a waiver are not, in fact, its employees or former employees, or that its attorney will not be appearing for the entity or for particular former employees, it should file a notice within the CM/ECF system, with a copy

       mailed to Plaintiff, indicating which individuals for whom service will not be waived, indicating whether another attorney is authorized to accept service of process for Defendant, and providing that information, if known.

5. If Plaintiff receives a notice from Defendants indicating that service will not be waived for an entity or certain individuals, Plaintiff will have an additional 90 days from the date of such notice to file a notice of physical service addresses of the remaining Defendants, or claims against them will be dismissed without prejudice without further notice.

6. The parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, issued with this Order.

7. Any amended pleadings must be submitted, along with a motion to amend, within 150 days after entry of this Order.

8. Dispositive motions must be filed no later than 300 days after entry of this Order.

9. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 8**

service, and name of person upon whom service was made.

10. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

11. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

12. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 9**

13. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

14. Pursuant to General Order 324, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: February 5, 2024

B. Lynn Winmill
U.S. District Court Judge

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 10**